FILED: March 8, 2007

IN THE SUPREME COURT OF THE STATE OF OREGON

ROBERT STACEY,


Petitioner,


HARDY MYERS, 
Attorney General, State of Oregon,


Respondent.


(SC S54218)


En Banc


On petition to review ballot title.


Submitted on the record January 17, 2007.


Margaret S. Olney, Smith, Diamond & Olney, Portland, filed the petition and the
reply memorandum for petitioner.


Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering
memorandum for respondent. With her on the answering memorandum were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor General.


BALMER, J.


Ballot title referred to Attorney General for modification.


BALMER, J.


This ballot title review proceeding brought under ORS 250.085(2) concerns
the Attorney General's certified ballot title for a proposed initiative measure that the
Secretary of State has denominated as Initiative Petition 45 (2008). The proposed
measure, which we describe in greater detail below, would permit owners of land zoned
for exclusive farm use to build one (or, in some circumstances, two) single-family
residences where current zoning restrictions generally prohibit such building. 


Petitioner is an elector who timely submitted written comments to the
Secretary of State concerning the Attorney General's draft ballot title and who therefore is
entitled to seek review in this court of the resulting certified ballot title. See ORS
250.085(2) (stating that requirement). We review the Attorney General's certified ballot
title to determine whether it substantially complies with the requirements of ORS
250.035(2)(a) to (d). ORS 250.085(5). In the present case, we conclude that the certified
ballot title fails to comply in several respects. We therefore refer the ballot title to the
Attorney General for modification.


Under current law, a landowner generally is not allowed to develop or sell
for housing land that is zoned for "exclusive farm use." See ORS 215.213 and ORS
215.283 (describing permitted uses of land zoned for exclusive farm use). There are,
however, exceptions to that general prohibition, including one for the construction of
"[p]rimary or accessory dwellings customarily provided in conjunction with farm use." 
ORS 215.213(1)(g). One of the criteria for determining whether a dwelling is
"customarily provided in conjunction with farm use" is that the land be used to produce
farm income, and the applicable administrative rule currently provides that land is
employed for "farm use" if the land "produced at least $80,000 in gross annual income
from the sale of farm products in the last two years or three of the last five years[.]" OAR
660-033-0135(7)(a). 


The proposed measure would alter the rules regarding the construction of
dwellings on exclusive farm use land in several respects. First, the measure would
eliminate the farm income criterion as a condition for building a single-family residence
on such land under the exception for dwellings "customarily provided in conjunction with
farm use." Second, the measure would permit a landowner to build a single-family
residence on the land if there is an existing residence on any similarly zoned adjacent land
or if there are "multiple instances" in the same county of residential structures "having
been allowed" on similarly zoned land. Third, the measure would permit the landowner
to build a second single-family residence on the land if there is an existing second single-family residence on any similarly zoned adjacent land or if there are "multiple instances"
in the same county of second residential structures on similarly zoned land. Fourth, the
measure would permit a landowner who builds a second single-family residence to sell
one of the two residences, as long as not less than one acre of land is included with the
residence that is sold and the remaining parcel is not less than one acre in size.


The Attorney General certified the following ballot title:


"ELIMINATES FARM INCOME CRITERION FOR FARM USE DWELLINGS;
ALLOWS CERTAIN DWELLINGS WHERE ZONING OTHERWISE
PROHIBITS


"RESULT OF 'YES' VOTE: 'Yes' vote eliminates farm income
criterion for dwelling on farm land; allows dwelling otherwise prohibited if
adjoining owner or two similarly-situated county owners qualify.


"RESULT OF 'NO' VOTE: 'No' vote retains current requirement
that a farm generate income for dwelling in conjunction with farm use to be
built; retains current zoning, variance standards.


"SUMMARY: Under current law, a dwelling may be sited on land
zoned for exclusive farm use if (among other exceptions) a dwelling is
'customarily allowed in conjunction with farm use.' Criterion for measuring
customary farm use is the generation of a minimum amount of farm income. 
Proposed measure would eliminate any such farm income criterion, and
would allow a dwelling on land suitable for exclusive farm use that is not
used to generate farm income. Proposed measure would also allow
exceptions to established zoning restrictions for building a dwelling if an
adjoining neighbor with similar zoning is granted an exception or variance,
or if two other similarly-situated properties in same county are granted
exceptions or variances to allow building an otherwise prohibited dwelling. 
Other provisions."